**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROLANDO RODRIGUEZ GOICOECHEA,

     Petitioner,

v.

GEORGE DEDOS, Warden of the Torrance County
Detention Center;  MARY DE ANDA-YBARRA, El
Paso Field Office Director, Enforcement and
Removal Operations, U.S. Immigration and Customs
Enforcement; TODD LYONS, Acting Director of
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the U.S.
Department of Homeland Security; and TODD
BLANCHE, Acting U.S. Attorney General,

     Respondents.

Case No. 1:26-cv-01080-MIS-JHR

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Rolando Rodriguez Goicoechea's Petition

for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 9, 2026.  Petitioner is a citizen of

Cuba who entered the United States without admission or parole on December 23, 2023, was

arrested by U.S. Immigration and Customs Enforcement Officers on March 2, 2026, and is

currently detained at the Torrance County Detention Center in Estancia, New Mexico.  Pet. ¶¶ 15-

19.  He seeks immediate release or, alternatively, a bond hearing.  <u>Id.</u> at 12.

On April 9, 2026, the Court issued an Order to Show Cause, ECF No. 6, which instructs

that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief

should not be granted" within ten business days.  <u>Id.</u> at 2.  The Order reminds Respondents "that

this Court has already decided the issues presented by the Petition and granted the relief Petitioner

requests here." Id. (citations omitted). As such, the Court ordered that Respondents must "demonstrate that the facts of this case warrant a departure from the Court's prior rulings." Id.

On April 21, 2026, the Federal Respondents filed a Response to the Petition. ECF No. 10. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 2-3. However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b). Id.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 10. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1.    The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Rolando Rodriguez Goicoechea from custody/detention;

3.    Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4.    Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal and concrete, imminent travel plans to remove Petitioner—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE